IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 MAR 26 PM 3:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| GEORGE F. GIPSON, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | CASE NO. CV 02-B-1066-S |
| } | |
| BRUNO'S SUPERMARKET, INC., } | |
| } | |
| Defendant. } | |

ENTERED
MAR 26 2004

## MEMORANDUM OPINION

This matter is before the court on defendant's Motion for Summary Judgment. Because plaintiff is proceeding pro se, the court entered an Order setting out in some detail the requirements of Rule 56 of the Federal Rules of Civil Procedure. The court's Order stated in part that "[w]hen a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in the pleadings to counter the motion."

Defendant submitted evidence and a brief in support of its motion for judgment as a matter of law on plaintiff's claim that he was discharged in violation of the Americans With Disabilities Act ("ADA"). Defendant offers evidence reflecting 1) that plaintiff's limitations do not constitute a "disability" within the meaning of the ADA and 2) that plaintiff was laid off pursuant to the operation of a valid seniority system under a collective bargaining agreement. Plaintiff was directed to file any opposition to defendant's motion on or before December 1, 2003. On December 1, 2003, plaintiff filed a document which is quoted below in its entirety:

> In regards to my case there are circumstances beyond my control that I wish you would take into consideration. First, I was laid off in September and I was told I had to go up the chain of command; therefore, first I went to the Union with no progress. I then filed a complaint with the EEOC and they shuffled my case

28

around until the spring of that same year. When I finally got a lawyer and she filed the age discrimination suite against the company, the judged denied it without considering the time EEOC had taken with my case. Following this the war happened with Iraq and my lawyer being in the National Guard was called to active duty and had to leave; therefore, she requested to be excused from the case and I was without a lawyer.

Now, I am being told that I am not disabled by Bruno's but I am now on social security disability and I was told by the company's doctor that my on the job injury was permanent and they knew that. That is the reason they fired me to escape their responsibility as if I was just an old mare that could not work anymore and they put out to pasture to graze.

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and defendant is entitled to a

2

judgment as a matter of law. Plaintiff has not come forward with **any** evidence, much less evidence showing a dispute as to any factual contention of plaintiff. Thus, plaintiff has failed to meet his burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324. Consequently, the court holds that defendant's Motion for Summary Judgment is due to be granted.

An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 26th day of March, 2004.

*/s/ Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge